SALCINES, Judge.
A.T.P. appeals an order of the juvenile division of the circuit court that found him guilty of the delinquent act of possession of cocaine. The court withheld adjudication and placed A.T.P. on probation. We agree that the court erred when it denied A.T.P.’s motion to suppress and reverse.
On December 11, 2005, at approximately 8 p.m., a Pinellas County Sheriffs deputy observed a red Dodge Charger traveling at a high rate of speed. The deputy followed the vehicle in order to speak to the driver “about his driving habits.” Shortly after the deputy began to follow the vehicle, it pulled into the driveway of a residence. The driver exited his car and walked to the front door of the residence to meet a *651 friend. The driver was walking back to the area where the Dodge Charger was parked when the deputy initiated a consensual citizen’s encounter and requested to speak to A.T.P. See Popple v. State, 626 So.2d 185, 186 (Fla.1993) (identifying three levels of police-citizen encounters, including (1) a consensual encounter, (2) a temporary detention or investigatory stop, and (3) an arrest). A.T.P. complied, walked over to the deputy, and provided his name.
The deputy testified that A.T.P.’s name was similar to an individual who was wanted for questioning by the sheriffs office. The deputy informed A.T.P. of this fact and started to place handcuffs on him. A.T.P. explained that the individual being sought was his brother and moved his head so his hair was not covering his face. The deputy then observed that A.T.P. was not the individual being sought and advised A.T.P. that he was free to go.
Thereafter, A.T.P.’s friend approached him, and the two young men were conversing thirty or sixty feet away from the Dodge Charger. The deputy sat in his patrol car and checked A.T.P.’s name in the FCIC/NCIC database. He learned that A.T.P. had a business purposes only driver’s license. The deputy then approached A.T.P., informed him of the apparent violation, and requested consent to search his person and his vehicle. A.T.P. consented to a search of his person but not of his vehicle. The deputy discovered cash on A.T.P.’s person but found no contraband or keys to the vehicle. The deputy arrested A.T.P. for the driver’s license violation.
At the time of the arrest A.T.P. and the deputy were located thirty to sixty feet away from the Dodge Charger. Approximately thirty-five minutes had elapsed since A.T.P. had exited his car. A search of the vehicle was conducted[1] and cocaine was discovered in the center console compartment. A.T.P. was charged with possession of cocaine.
A motion to suppress was filed which claimed the search of the Dodge Charger was illegal because A.T.P. had not been arrested inside the vehicle or while in close proximity to it. The trial court denied the motion to suppress and concluded that Thornton v. United States, 541 U.S. 615, 124 S.Ct. 2127, 158 L.Ed.2d 905 (2004), was controlling.
The facts in the Thornton case are that a police officer in an unmarked patrol car noticed Thornton was driving in a suspicious manner. The officer maneuvered to get behind the vehicle and ran the license tag. He found that the tag had been issued for a different vehicle. Before the officer could pull the vehicle over, Thornton drove into a parking lot, parked, and exited the vehicle. The officer pulled his unmarked patrol car behind Thornton’s car. Thornton was approached and the officer asked for his driver’s license. The officer informed Thornton that his tags did not match his vehicle. Thornton appeared to be very nervous. The officer conducted a pat-down search which yielded drugs and Thornton was arrested. When the officer thereafter searched Thornton’s vehicle, a handgun was discovered.
In New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981), the Supreme Court approved the search of automobiles incident to an arrest when an officer had made contact with the occupant of an automobile and later arrested that individual. Thornton argued to the U.S. Fourth Circuit Court of Appeals that Bel-ton was limited to situations in which the officer initiated contact while the arrestee *652 was still in his vehicle. The Fourth Circuit Court of Appeals held that the rationales for the search incident to arrest — the need to disarm a suspect in order to take him into custody and the need to preserve evidence — did not require the suspect to still be in his vehicle. The Fourth Circuit noted that Thornton conceded that he was in “close proximity, both temporally and spatially” to his vehicle and concluded that the car was within Thornton’s immediate control, and thus the officer’s search was reasonable under Belton. See Thornton, 541 U.S. at 619, 124 S.Ct. 2127.
In upholding the Fourth Circuit’s decision, the Supreme Court noted that in Belton it found that when an officer made “ ‘a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.’ ” Thornton, 541 U.S. at 620, 124 S.Ct. 2127 (quoting Belton, 453 U.S. at 460, 101 S.Ct. 2860 (footnote omitted)). There had been no reliance placed on the fact that the officer had ordered the occupants out of the vehicle or on whether the officer had initiated contact with the occupants while they remained in the vehicle. Id. The Thornton court stated, “There is simply no basis to conclude that the span of the area generally within the arrestee’s immediate control is determined by whether the arrestee exited the vehicle at the officer’s direction, or whether the officer initiated contact with him while he remained in the car.” Thornton, 541 U.S. at 620-21, 124 S.Ct. 2127.
The Supreme Court concluded:
In all relevant aspects, the arrest of a suspect who is next to a vehicle presents identical concerns regarding officer safety and the destruction of evidence as the arrest of one who is inside the vehicle. An officer may search a suspect’s vehicle under Belton only if the suspect is arrested. A custodial arrest is fluid and “[t]he danger to the police officer flows from the fact of the arrest, and its attendant proximity, stress, and uncertainty.” The stress is no less merely because the arrestee exited his car before the officer initiated contact, nor is an arrestee less likely to attempt to lunge for a weapon or to destroy evidence if he is outside of, but still in control of, the vehicle. In either case, the officer faces a highly volatile situation. It would make little sense to apply two different rules to what is, at bottom, the same situation.
Id. at 621, 124 S.Ct. 2127 (citations omitted, emphasis added).
The holding in Thornton demonstrates that the Supreme Court’s rationale is to protect the law enforcement officer when the recent occupant is still in control of the vehicle. The court noted that an arres-tee’s status as a “recent occupant” of a vehicle “may turn on his temporal or spatial relationship to the car at the time of the arrest and search” but it certainly does not turn on whether he was inside or outside the vehicle at the moment the officer first initiated contact with him. Id. at 622, 124 S.Ct. 2127. The court stated that once an officer determines that there is probable cause to make an arrest, “it is reasonable to allow officers to ensure their safety and to preserve evidence by searching the entire passenger compartment.” Id. at 623,124 S.Ct. 2127.
When reviewing the trial court’s ruling on a motion to suppress, we must defer to the factual findings of the trial court that are supported by competent, substantial evidence. However, the standard of review for the trial court’s application of the law to its factual findings is de novo. See Bautista v. State, 902 So.2d 312, 313-14 (Fla. 2d DCA 2005).
*653 We conclude that the facts of the present case as outlined above make it distinguishable from Thornton. Here, A.T.P. was not in close proximity to his vehicle, had not recently exited the vehicle, and did not have the keys to the locked vehicle in his possession. There was no evidence that the deputy was concerned for his safety or that there was a risk that A.T.P. might destroy any evidence that might be contained in the vehicle. From our de novo review we conclude that the trial court erred when it denied the motion to suppress based on the legal conclusion that the case was controlled by Thornton. Accordingly, we reverse the withhold of adjudication for possession of cocaine and remand for discharge for this offense.
Reversed and remanded.
ALTENBERND, J., Concurs.
VILLANTI, J., Concurs specially.

. The car doors were locked. One of the car windows was cracked, and the deputy was able to reach in and unlock the door to gain access to the interior of the vehicle.